The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN LIU,<br><br>        Plaintiff,<br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al*.,<br><br>        Defendants. | Civil Action No. 2:18-1862-BJR<br><br>**ORDER GRANTING MOTION TO PHASE TRIAL OF PLAINTIFF'S CONTRACTUAL AND EXTRA-CONTRACTUAL CLAIMS** |

## I.   INTRODUCTION

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Phase the Trial of Plaintiff's Contractual and Extra-Contractual Claims. Dkt. No. 63. Plaintiff Julian Liu opposes the motion. Dkt. No. 77. Having reviewed the motion, opposition thereto, the record of this case, and the relevant legal authorities, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

On November 18, 2015, Mr. Liu was hit by a vehicle as he was putting garbage containers along the curb in front of his house. Dkt. No. 1, Ex. 2 at ¶ 4.2. The driver of the vehicle was uninsured. *Id.* At the time of the accident, Mr. Liu was insured by State Farm and his policy contained coverage for uninsured motorists ("UIM"). *Id.* at ¶ 4.4. State Farm concedes liability

under the UIM policy but disputes the extent and value of Mr. Liu's alleged injuries and damages. *See* Dkt. No. 63.

Mr. Liu filed suit against State Farm in King County Superior Court for the State of Washington, seeking to recover the UIM contractual limit of his insurance policy (the "contractual claim") and asserting claims for negligence, bad faith, and violations of the Washington Consumer Protection Act and the Insurance Fair Conduct Act ("IFCA") with respect to State Farm's investigation, handling, and evaluation of his claim for the UIM benefits (the "extra-contractual claims"). *See generally* Dkt. No. 1, Ex. 2. State Farm timely removed the action to this Court. Dkt. No. 1. State Farm then requested that this Court bifurcate Plaintiff's contractual and extra-contractual claims and stay discovery as to the extra-contractual claims. Dkt. No. 17. Through a series of Minute Orders, the Court ultimately denied State Farm's motion to bifurcate and stay discovery but indicated that it would consider trying the case "in two phases before the same jury". *See* Dkt. Nos. 24, 29, 33, 36, and 39. State Farm's motion to phase the trial is now before the Court. Dkt. No. 63.

### III.    DISCUSSION

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues …." The Rule "confers broad discretion upon the court", *Hangarter v. Provident Life and Acc. Ins. Co*., 373 F.3d 998, 1021 (9th Cir. 2004), and "[o]nly on of these criteria need be met to justify bifurcation", *Johnson v. State Farm Mut. Auto. Ins. Co*., 2016 U.S. Dist. LEXIS 16458, at *2 (W.D. Wash. Feb. 10, 2016). A decision ordering that a trial be bifurcated is dependent on the facts and circumstances of each case. *Id*. (citing *Idzojtic v. Pennsylvania Rr. Co*., 456 F.2d 1228 (3rd Cir. 1972).

State Farm contends that it will be prejudiced if Mr. Liu's contractual and extra-contractual claims are tried together because it "cannot simultaneously wear the mantels of UIM adversary and good-faith insurer in the same proceeding" without confusing the jury. Dkt. No. 63 at 4. According to State Farm, it will suffer significant prejudice if it "has to simultaneously persuade a jury that Mr. Liu's claimed injuries were not proximately caused by the accident and thus the value of the UIM claim is far less than his policy limit, while at the same time fending off testimony and arguments that it breached its legal duties in handling his claim for benefits." *Id.* at 6.

Mr. Liu fails to address this issue. Instead, Mr. Liu primarily opposes phasing the trial because doing so will result in "doubl[e]" the work for the parties. Dkt. No. 77 at 8. He argues that there will be significant overlap between the witnesses and exhibits necessary for both phases. The Court disagrees. The contractual and extra-contractual claims are distinct and require different evidence. For instance, testimony from Mr. Liu's medical providers and medical experts is relevant only to his contractual claims, while testimony related to State Farm's handling of Mr. Liu's claim is relevant only to his extra-contractual claims. Indeed, Mr. Liu may be the only cross over witness between the two trial phases. And while the parties will have to submit two sets of exhibits, those exhibits will be unique to each phase of the trial. Exhibits for the contractual claims will involve medical records, bills, wage loss documentation, and photographs; Exhibits for the extra-contractual claims will primarily consist of State Farm's claim file. Thus, this Court finds that conducting this trial in two phases is unlikely to significantly increase each parties' workload.

On the other hand, forcing State Farm to simultaneously defend against Mr. Liu's contractual and extra-contractual claims will be prejudicial to the insurance company because

there is a substantial risk that the jury will not be able to properly differentiate between State Farm's competing roles. *See e.g. Johnson v. State Farm Mut. Auto Ins. Co.*, 2016 U.S. Dist. LEXIS 16458, at *2 (W.D. Wash. Fed. 10, 2016) (ordering bifurcation because there is a "risk of prejudice[e]" if first-party insurance claims "are tried with the bad faith and IFCA claims"); *Lear v. IDS Prop. Casualty Ins. Co.*, 2016 U.S. Dist. LEXIS 4370, *3 (W.D. Wash. Jan. 12, 2016) (conducting trial in two phases: the uninsured motorist claim and the extra-contractual claims); *DeVore v. Allstate Prop. & Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 176299, *3 (W.D. Wash. Dec. 22, 2014) (ordering bifurcation because "Allstate has shown that there exists a substantial risk that the jury could either be confused by the combined evidence and claims or be improperly influenced by the liability evidence when considering whether Allstate acted in good faith"); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1499265, *10 (W.D. Wash. April 11, 2013) (noting that "insurance cases involving both contract and bad-faith claims are often bifurcated" to avoid potential prejudice to the insurer). Thus, trying this case in two phases is warranted.

### IV.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS State Farm's Motion to Phase the Trial of Plaintiff's Contractual and Extra-Contractual Claims.

Dated this 3rd day of December 2020.

*[signature]*

Barbara   Jacobs   Rothstein
U.S. District Court Judge