The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN LIU,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 2:18-1862-BJR<br><br>**ORDER DIRECTING JURY TRIAL BY VIDEOCONFERENCE** |

## I. INTRODUCTION

This case was set for a seven-day jury trial the week of April 20, 2020. However, one month before the trial was scheduled to begin, this Court vacated the trial date in light of General Order 01-20 of United States District Court for the Western District of Washington, which continued until further notice all civil and criminal matters requiring in-court appearances to address the spread of COVID-19 in Washington State. Dkt. No. 69. Eight months later, on November 10, 2020, this Court held a telephonic hearing to address the possibility of conducting a jury trial in this matter through contemporaneous videoconferencing technology. Dkt. No. 75. Plaintiff consented, Defendant objected, and the Court instructed the parties to brief the issue.

1

Dkt. Nos. 75-77. Having reviewed the parties' arguments, the record of this case, and the relevant legal authority, the Court directs the parties to prepare for a jury trial by videoconference. The reasoning for the Court's decision follows.

## II.  BACKGROUND

In late 2015, Plaintiff Julian Liu was hit by a vehicle as he was putting garbage containers along the curb in front of his house. Dkt. No. 1, Ex. 2 at ¶ 4.2. The driver of the vehicle was uninsured. *Id.* At the time of the accident, Mr. Liu was insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") and his policy contained coverage for uninsured motorists ("UIM"). *Id*. at ¶ 4.4. State Farm concedes liability under the UIM policy but disputes the extent and value of the injuries and damages Mr. Liu allegedly suffered as a result of the accident. *See* Dkt. No. 63. The parties were unable to resolve their differences so, in November 2018, Mr. Liu filed suit against State Farm, seeking to recover the contractual limit of his UIM policy and asserting claims for negligence, bad faith, and violation of the Washington Consumer Protection Act and the Insurance Fair Conduct Act with respect to State Farm's investigation, handling, and evaluation of his claim for the UIM benefits. *See generally* Dkt. No. 1, Ex. 2.

The parties conducted discovery and completed all other pretrial matters, including filing motions *in limine*. Then, on March 11, 2020, the World Health Organization declared the severe acute respiratory syndrome coronavirus 2, which causes the disease COVID-19, a pandemic, and this District Court was closed to the public (with limited exceptions) six days later. *See* General Orders 02-20 and 03-20. While this District Court has since reopened, it has done so for only "critical in-person criminal proceedings"; all civil in-person hearings and trials scheduled to occur before January 1, 2021 have been continued. General Order 15-20 at 1-2.

### III. DISCUSSION

This Court's authority to convene a jury trial by contemporaneous video conferencing technology derives from Federal Rules of Civil Procedure 77(b) and 43(a). *Gould v. Electronics Inc. v. Livingston County Road Commission*, 470 F. Supp. 3d 735, 738 (E.D. Mich. 2020). Rule 77(b) provides that "[e]very trial on the merits must be conducted in open court and, *so far as convenient*, in a regular courtroom." (emphasis added). Thus, while Rule 77(b) contemplates that trials will occur in a "courtroom", the Rule is flexible and allows a trial to be conducted in a non-traditional manner when "exigencies make traditional procedures impracticable". *Gould*, F. Supp. 3d at 738. Rule 43(a), in turn, provides that "witnesses' testimony must be taken in open court," except that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Therefore, like Rule 77(b), Rule 43(a) affords flexibility when circumstances require it.

Whether good cause and compelling circumstances exist as contemplated by Rules 77(b) and 43(a) is a matter for the court's discretion. *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) ("[U]nder Rule 43(a), the judge has discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'") cert. denied 140 S.Ct. 533 (2019); *see also Gould*, F. Supp. 3d at 740 ("Determining whether good cause and compelling circumstances exist is a matter left to the court's discretion."). The Advisory Committee Notes to Rule 43(a) provide clarification as to when a court should exercise this discretion, stating that "good cause in compelling circumstances" does not exist merely because "it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43(a) 1996 Amend. Rather, the Notes advise, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a

witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.*

The Court finds that there is good cause and compelling circumstances that, with appropriate safeguards, justify the use of contemporaneous video conferencing technology in this case. The World Health Organization has declared COVID-19 a "public health emergency of international concern" and the United States Health and Human Services Secretary has declared the virus a "public health emergency."[1] COVID-19 is currently rampaging across Washington State and nearly every day the King County Health Department reports a record number of new cases.[2] Washington State Governor Jay Inslee has ordered state-wide restrictions that prohibit indoor gatherings of individuals who are not from the same household, limit outdoor activities with people outside the same household to no more than five people per week, and discourage non-essential travel.[3] And, as stated above, this District Court is currently closed to in-person civil jury trials. Indeed, there has not been an in-person civil jury trial in this District for over eight months. While it is true that the United States now appears to have an effective vaccine against the virus that causes COVID-19, predicted distribution rates suggest that the vaccine will not be available to the general population in this state until May 2021 at the earliest.[4]

Next the Court considers whether there are "appropriate safeguards" in place as contemplated by Rule 43(a). Rule 43(a)'s requirement that testimony occur in open court serves two purposes: (1) to ensure that the witness testimony may be tested by cross-examination, and (2) to allow the trier of fact to observe the demeanor of the witness. *In re Adair*, 965 F.2d 777,

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/summary.html.
[2] https://www.kingcounty.gov/depts/health/covid-19.aspx
[3] https://www.kingcounty.gov/elected/executive/constantine/covid-response/current-guidance.aspx.
[4] https://www.kingcounty.gov/depts/health/covid-19/vaccine.aspx

4

780 (9th Cir. 1992) (citing *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972)). Both purposes are satisfied with contemporaneous videoconferencing technology. First, there is no question that the parties in this case will be allowed to cross-examine the witnesses. And second, modern videoconferencing technology allows for near instantaneous transmission of testimony with no discernable difference between it and "live" testimony, thereby allowing a juror to judge credibility unimpeded. *See In re RFC & ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 971 (D. Minn. 2020) ("Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony." (internal marks omitted)); *Aoki v. Gilbert*, No. 2:11-cv-02797, 2019 WL 1243719, at *1 (E.D. Cal. Mar. 18, 2019) (finding that appropriate safeguards existed to allow witnesses to appear by videoconference because the witnesses "will testify under oath, and will be subject to cross-examination"); *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS, 2015 WL 465019, at *1 (E.D. Cal. Aug. 4, 2015) ("Because a witness testifying by video is observed directly with little, if any delay in transmission ... courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings."); *In re Vioxx Prods. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006)) (contemporaneous transmission of video testimony through current technology permits "the jury to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration, and, thus satisfies the goals of live, in-person testimony[.]" (internal citation and marks omitted)); *F.T.C. v. Swedish Match North America, Inc.*, 197 F.R.D. 1, *2 (D.D.C. Aug. 28, 2000) (noting that "there is no practical difference between live testimony and contemporaneous video transmission"); *Gould*, 470 F. Supp. 3d at 738 (same).

The Court next addresses Defendant's specific objections to holding a jury trial by videoconference in this case. Defendant's first objection—the possibility that a juror might not have access to reliable technology—is easily assuaged by the fact that the Court is prepared to loan equipment to jurors if necessary. This equipment includes laptops, wireless routers for Wi-Fi hotspots, speakers, and monitors. Defendant's second objection—concern that jurors may be distracted during the remote trial—can also be mediated. The District has robust procedures in place to monitor jurors to ensure that they are following the proceedings. These procedures include having at least two courtroom deputies observing the jurors at all times to ensure that no one is distracted. In addition, the trial days will be shortened (and include several breaks) to further reduce the possibility of distraction and/or fatigue among the jurors. To date, this District has successfully conducted four remote jury trials by videoconference and the foregoing procedures have proven effective as evidenced by the attentiveness of the jurors during these trials, as well as the positive feedback the District received from the jurors, attorneys, and parties who participated in the proceedings.

Defendant's final objection to holding the jury trial by videoconference is that the trial participants will not be able to adequately observe non-verbal communications. Defendant protests that "trial advocacy involves reading the body language of jurors and observing non-verbal communications so as to gauge how evidence is being received … Jurors also assess the credibility of witnesses … by observing body language throughout trial." Dkt. No. 76 at 2. The Court agrees that non-verbal communication is an integral part of any trial; however, the Court is not persuaded that such communication will be obscured by videoconferencing. To the contrary, given the clarity and speed of modern videoconference technology, there will be no discernable difference between witnesses' "live" versus "livestreamed" testimony, and the jurors will be able

to assess the creditability of witnesses accordingly. Moreover, each juror will be continually visible on the attorneys' monitors, thereby allowing the attorneys to gauge the jurors' reaction to the proceedings.

Mr. Liu has already waited more than five years for his day in court. This Court will not make him wait another unknown number of months (possibly years) until it is safe to resume in-person civil jury trials, particularly when it is possible to conduct a remote jury trial in a manner that ameliorates each of Defendant's objections and satisfies Rules 77(b) and 43(a).

## IV. CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS that this matter proceed with a remote jury trial by videoconference. The parties shall be prepared to proceed on March 22, 2021.

Dated this 17th day of December 2020.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge