1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIAN LIU,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.

Civil Action No. 2:18-1862-BJR

**ORDER ON MOTIONS IN LIMINE**

## I.    INTRODUCTION

A jury trial in this matter is scheduled to begin on March 22, 2021; currently before the

Court are several motions in limine. *See* Dkt. Nos. 65, 67, and 68. Having reviewed the motions,

the responses thereto, the record evidence, and the relevant legal authority, the Court rules as

follows.

## II.    BACKGROUND

This lawsuit stems from a motor vehicle accident in which Plaintiff Julian Liu was injured

while standing outside his house. Dkt. No. 1, Ex. 2 at ¶ 4.2. Mr. Liu was insured by Defendant

State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") and his policy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

contained coverage for uninsured motorists ("UIM"). *Id*. at ¶ 4.4. State Farm concedes liability

under the UIM policy but disputes the extent and value of the injuries and damages Mr. Liu

allegedly suffered as a result of the accident. *See* Dkt. No. 63. The parties were unable to resolve

their differences so, in November 2018, Mr. Liu filed suit against State Farm, seeking to recover

the contractual limit of his UIM policy and asserting claims for negligence, bad faith, and

violation of the Washington Consumer Protection Act and the Insurance Fair Conduct Act with

respect to State Farm's investigation, handling, and evaluation of his claim for UIM benefits. *See*

*generally* Dkt. No. 1, Ex. 2.

After a long delay in these proceedings due to restrictions put into place by Washington

State in response to the COVID-19 pandemic, this matter is ready to proceed to trial. To that end,

the parties each filed several motions in limine that the Court will now address.[1]

### III.    STANDARD OF REVIEW

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence

in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation

omitted). By ruling in limine, the court "gives counsel advance notice of the scope of certain

evidence" before trial. *Id*. at 1111-12. However, a motion in limine should not be used to resolve

factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316,

323 (D.D.C. 2008); *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001). Evidence

should be excluded pursuant to a motion in limine only when it is "inadmissible on all potential

grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

---

[1] Plaintiff filed an additional motion in limine related to evidence of asymptomatic conditions, Dkt.
No. 68, which will be addressed in a separate order.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## IV.   DISCUSSION

The parties filed several agreed motions with respect to the admission of certain evidence in this case. *See* Dkt. Nos. 65, 67 generally. The Court adopts these agreements and now turns to the disputed motions.

### A.   Defendant's motion to exclude evidence or argument relating to other suits or claims against State Farm (Defendant's Motion in Limine H)

Defendant moves to exclude evidence and testimony of any alleged wrongdoing by State Farm from other unrelated lawsuits. Defendant claims that Plaintiff may seek to introduce this evidence to "prove character of" State Farm in order to show that it "acted in conformity with such acts" in its interaction with Plaintiff. Defendant asserts that such evidence is prohibited by Evidence Rule 404(b), irrelevant, misleading, and prejudicial.

Plaintiff counters that this evidence is relevant to his Consumer Protection Act claim. Specifically, he claims that State Farm has a policy of delaying and denying payment of UIM claims in order to bolster its profits and that evidence of such conduct by Defendant with respect to other claims is therefore relevant to Plaintiff's case. Plaintiff further argues that Evidence Rule 404(b) does not bar the admission of evidence of prior deceptive practices in Consumer Protection Act cases.

Plaintiff has presented no evidence that State Farm engaged in a systematic corporate-wide strategy to withhold insurance benefits to its insured. Rather, Plaintiff makes conclusionary, unsubstantiated claims that such evidence exists and, therefore, he should be allowed to present evidence of the same from other, unidentified cases. Until Plaintiff presents evidence of such a corporate-wide scheme, it is inappropriate to allow Plaintiff to introduce evidence of other alleged wrongdoing from other cases, particularly when no effort has been made to identity such cases or to explain how those cases are substantially similar to Plaintiff's situation.

1

Defendant's Motion in Limine H is HEREBY GRANTED.

2

3

**B.      Defendant's motion to exclude biomechanical testimony of Bryan Jorgensen (Defendant's Motion in Limine J)**

4

Defendant moves to exclude the testimony of Bryan Jorgensen, Plaintiff's biomechanical

5

expert. Defendant contends that Mr. Jorgensen's testimony is not relevant because it will not help

6

the jury understand the evidence or to determine a fact at issue in this case. Plaintiff counters that

7

Mr. Jorgensen's testimony is relevant because Defendant disputes that Plaintiff suffered a brain

8

9

injury as a result of the accident. Plaintiff claims that although Mr. Jorgensen will not offer a

medical opinion as to Plaintiff's injuries, he will offer "scientific evidence as to the significant

10

11

forces [Plaintiff's] head experienced during the collision." Dkt. No. 97 at 6-7.

12

Mr. Jorgensen offers the following opinions:

13

14

1.      The area of the incident is clearly a mixed use area for pedestrians and vehicles. [Plaintiff] was observing and waiting for the vehicle to clear the area as was prudent;

15

16

2.      The vehicle driver should have likewise been actively searching for pedestrians and the illumination levels and conditions indicated that sober, alert, attentive drive would have ample time to observe and stop before impact with the pedestrian;

17

18

3.      Given the circumstances, it is unlikely that [Plaintiff] could have avoided the collision since by the time he realized the vehicle was not going to stop he did not have time to escape;

19

4.      A clear mechanism for producing high levels of acceleration loading exists in the subject impact.

20

21

Dkt. No. 66, Ex. A. The first three opinions are not relevant to this lawsuit as they pertain to

22

liability and liability is not an issue in this case. The fourth opinion is vague but appears to

23

suggest that Mr. Jorgensen can calculate the speed at which Plaintiff's head hit the ground. *See Id.*

24

at p. 10. This opinion may assist the jury in determining the extent of Plaintiff's injuries, and as

25

26

such, will be allowed. However, Mr. Jorgensen will be limited to testifying only to this opinion

and his justification for this opinion shall be limited to what is contained in his report.

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Defendant's Motion in Limine J is HEREBY GRANTED in part and DENIED in part.

**C.     Defendant's motion to exclude one of Plaintiff's two experts identified to address the issue of claims handling as duplicative (Defendant's Motion in Limine K)**

Plaintiff disclosed two experts that he intends to call to testify regarding Defendant's handling of his UIM claim: Robert Dietz and Thomas Lether. Mr. Dietz is a former employee of an insurance company who intends to offer opinions regarding Defendant's handling of the UIM claim from the perspective of a former insurance claims adjuster. Mr. Lether is an attorney who plans to opine on Defendant's handling of the UIM claim from the perspective of "legal counsel who has been retained by insurers to assist in the investigation and resolution of insurance claims." Dkt. No. 97 at 7. Both experts opine as to the relevant industry standards and criticize Defendant's investigation and evaluation of Plaintiff's UIM claim as allegedly deviating from those standards.

Defendant argues that allowing Plaintiff to present testimony from "two purported experts testifying consistently on the same issues would be unfairly prejudicial to [Defendant], unnecessarily cumulative, and a waste of time." Dkt. No. 65 at 9. This Court agrees with Defendant. The experts are offered for the same reason; both reviewed Defendant's handling of the UIM claim and conclude that Defendant deviated from industry standards. The fact that each expert reached this conclusion by reviewing the Defendant's actions from a different perspective does not make their conclusions any less duplicative. Therefore, Plaintiff may call either Mr. Dietz or Mr. Lether to testify, but not both.

Defendant's Motion in Limine K is HEREBY GRANTED.

1
2

**D.     Defendant's motion to exclude expert testimony that it acted "unreasonably" (Defendant's Motion in Limine L)**

3

Defendant next argues that Plaintiff's expert should not be permitted to testify as to

4

whether Defendant acted unreasonably in handling Plaintiff's UIM claim because doing so would

5

constitute impermissible opinion testimony on the ultimate legal issue at the crux of each of

6

Plaintiff's extra-contractual claims. *See* Dkt. No. 65 at 10 (citing *Weiss v. Holland America Line*

7

*Inc.*, 2014 WL 12570699, *3 (W.D. Wash. June 6, 2014) ("an expert cannot opine on a legal

8
9

conclusion or instruct the jury on the applicable law, thereby invading the exclusive province of

10

the court"). Plaintiff counters that Defendant conflates the term "unreasonable" with the term

11

"bad faith" and that offering an opinion that Defendant "acted unreasonably is not equivalent to

12

offering an opinion that [Defendant] committed bad faith." Dkt. No. 97 at 11. Plaintiff further

13

notes that Defendant's own expert, Ms. Leonhardi, opines that Defendant acted reasonably in

14

handling the UIM claim.[2]

15

The Court agrees with Defendant that each of Plaintiff's extra-contractual claims rests on

16
17

the question of whether Defendant acted reasonably with respect to the UIM claim. *See*, *e.g.*,

18

*Perez-Crisantos v. State Farm*, 389 P.3d 476, 478 (Wash. 2017) (stating that the "unreasonable

19

denial of coverage or benefits" is a required element under the Insurance Fair Conduct Act);

20

WAC 284-30-330 "Specific unfair claims settlement practices defined" (using the words

21

"reasonable" or "reasonably" nine times and is the determining factor for nine of the nineteen

22
23

---

24

[2] Plaintiff incorrectly cites to two provisions of the Ms. Leonhardi's report in support of this allegation. *See* Dkt. No. 97 citing to Dkt. No. 87, Decl. of Jorgensen, Ex. B at 8, sections A & B.

25

This portion of the report does not reflect Ms. Leonhardi's conclusions. Unfortunately, inaccurate and unclear citations to the record is a recurrent problem in this case. While this Court is not a

26

stickler for rigid adherence to citation standards, it does require that citations be clear and accurate so as not to hinder the Court's ability to resolve motions in a timely manner. The Court requests

27

that the parties make more of an effort to accurately cite to the record in future pleadings.

1    provisions); Washington Pattern Jury Instruction 320.04 on a First-Party Claim for an Insurer's

2    Failure to Act in Good Faith, which asks the juror to determine whether the insurer "conduct[ed] a

3    reasonable investigation … [had] a reasonable justification before refusing to pay a claim" in

4    reaching the conclusion as to whether the insurer acted in good faith; RCW 19.86.920 (stating that

5    the Unfair Business Practices—Consumer Protection Act "shall not be construed to prohibit acts

6    or practices which are *reasonable* in relation to the development and preservation of business or

7    which are not injurious to the public interest, nor be construed to authorize those acts or practices

8    which *unreasonably* restrain trade or are *unreasonable* per se") (emphasis added).

9        It is black-letter law that an expert cannot opine on a legal conclusion or instruct the jury

10   on the applicable law. To do so would usurp the court's role. *Weiss*, 2014 WL 12570699, * 3

11   (W.D. Wash. June 6, 2014) (citing *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998,

12   1016 (9th Cir. 2004). Therefore, none of the experts in this case will be permitted to opine on the

13   reasonableness of Defendant's actions with respect to Plaintiff's UIM claim. They can discuss the

14   industry standards and whether Defendant's actions conformed with those standards, but it will be

15   left to the jury to determine whether Defendant acted reasonably.

16       Defendant's Motion in Limine I is HEREBY GRANTED.

### E.   Defendant's motion to exclude evidence or argument regarding its wealth or assets (Defendant's Motion in Limine M)

Defendant moves this Court to prohibit Plaintiff from introducing evidence of State

Farm's wealth and/or assets, arguing that allowing such evidence will be prejudicial to it. Plaintiff

counters that State Farm's wealth and assets are directly at issue in this lawsuit because the

insurance company has used its superior financial advantage to the detriment of Plaintiff by

withholding payment and forcing him to litigate his claim.

1   State Farm's wealth is not relevant to the claims in this case and evidence of such will not

2   be permitted. *See Tavakoli v. Allstate Property and Cas. Ins. Co.*, 2013 WL 153905, *5 (W.D.

3   Wash. Jan. 15, 2013) (excluding evidence of insurance company's wealth because company's

4   "wealth is not relevant at all" to plaintiff's extra-contractual claims).

5       Defendant's Motion in Limine M is HEREBY GRANTED.

6

7   **F.      Defendant's motion to exclude evidence or argument that it owed Plaintiff an enhanced duty of good faith (Defendant's Motion in Limine N)**

8

9   Defendant moves this Court to prohibit Plaintiff's expert from testifying that State Farm

10  had "an enhanced duty of good faith" with respect to Plaintiff's UIM claim. Dkt. No. 65 at 11. As

11  previously stated, expert witnesses are prohibited from opining on the applicable law; that is the

12  domain of the Court. Plaintiff contends that his expert has not opined that there is an enhanced

13  duty of good faith with respect to UIM claims and will not testify to such. *See* Dkt. No. 97 at 15.

14  Nor would this Court allow him to.

15      Defendant's Motion in Limine N is HEREBY GRANTED.

16

17  **G.      Plaintiff's motion to include "post-litigation" materials (Plaintiff's Motion in Limine 1)**

18

19  The parties agree that settlement communications and participation in mediation is not

20  admissible evidence. However, Plaintiff argues that during phase two of the trial (*i.e*., Plaintiff's

21  extra-contractual claims), he should be permitted to introduce evidence of conduct by State Farm

22  that it took after he filed this lawsuit, including "offers to pay [his] claims and benefits owed".

23  Dkt. No. 67 at 2-3. Plaintiff argues that this evidence is relevant in phase two because it "go[es] to

24  State Farm's bad faith and related extracontractual claims." *Id*. at 3.

25      Defendant counters that Plaintiff should be prohibited from introducing any evidence of

26  its conduct after this litigation was filed. It argues that admitting such evidence would have "a

27

chilling effect on an UIM insurer's ability to defend itself in a suit where Washington law is well-established that the UIM insurer 'stands in the shoes' of the tortfeasor and is allowed to pursue any and all defenses available to the tortfeasor." Dkt. No. 88 at 2.

Evidence of an insurer's litigation conduct is rarely admissible because it lacks probative value and has a high risk of prejudice. This is because "[a]llowing litigation conduct to serve as evidence of bad faith would undermine an insurer's right to contest questionable claims and to defend itself against such claims." *Richardson v. Gov't Emps. Ins. Co.*, 403 P.3d 115, 124 (Wash. App. 2017), *review denied*, 414 P.3d 575 (Wn. 2018) (quoting *Timberlake Const. Co. v. United State Fid. & Guar. Co.*, 71 F.3d 335, 341 (10th Cir. 1995). However, if the insurer's conduct is outside the "normal rules of procedure and ethics" and "outside an insured's reasonable expectation of good faith conduct", evidence of the conduct may be admissible as evidence of bad faith. *Lock v. American Family Insurance Company*, 460 P.3d 683, 693 (Wash. App. 2020).

As stated above, Plaintiff argues that he should be permitted to introduce evidence of "all instances [Defendant] offer[ed] to pay Plaintiff's claims and benefits owed" because such evidence relates to Defendant's "bad faith claims and related extracontractual claims." Dkt. No. 67 at 2-3. The Court is hard pressed to see how offers to pay Plaintiff's claim and benefits is conduct outside "normal rules of procedure or ethics" or beyond Plaintiff's "reasonable expectations of good faith conduct." Therefore, evidence or argument related to State Farm's post-litigation conduct will not be permitted.

Plaintiff's Motion in Limine 1 is HEREBY DENIED.

**H.      Plaintiff's motion to exclude reference to the right of Plaintiff's counsel to meet with treating providers (Plaintiff's Motion in Limine 2)**

Plaintiff requests an order prohibiting Defendant from offering evidence or argument that his attorneys met privately with his treating physicians while Defendant's counsel did not have an

1  opportunity to do so. Defendant counters that the fact that Plaintiff's treating physicians met

2  privately with his attorneys is admissible evidence of bias and a fair area of inquiry on cross

3  examination.

4  The Court finds that this is an acceptable line of inquiry.

5  Plaintiff's Motion in Limine 2 is HEREBY DENIED.

6

7  **J.      Plaintiff's motion that emotional distress damages are admissible in the second phase of trial (Plaintiff's Motion in Limine 11)**

8

9  Plaintiff argues that he should be able to present testimony regarding the alleged

10  emotional distress he suffered as a result of Defendant's alleged bad faith in handling his UIM

11  claim. Defendant counters that such testimony would be unfairly prejudicial to it and, therefore,

12  should be excluded.

13  Plaintiff is entitled to seek damages for emotional distress as part of his bad faith claim.

14  *See Singh v. Zurich Am. Ins. Co.*, 428 P.3d 1237, 1248 (Wn. App. 2018) ("[B]ecause bad faith is a

15  tort, a plaintiff is not limited to economic damages); *Mut. of Enumclaw Ins. Co. v. Myong Suk*

16  *Day*, 197 Wash. App. 753, 769, 393 P.3d 786, *review denied*, 396 P.3d 349 (Wn. 2017) (affirming

17  an award of emotional distress damages in a bad faith case). Thus, testimony regarding Plaintiff's

18  alleged emotion distress is relevant and will be permitted in the second phase of this trial.

19

20  Plaintiff's Motion in Limine 11 is HEREBY GRANTED.

21  **K.      Plaintiff's motion to exclude Plaintiff's tax return schedules (Plaintiff's Motion in Limine 17)**

22

23  Plaintiff intends to argue that he suffered economic hardship as a result of Defendant's

24  handling of his UIM claim. Defendant argues that Plaintiff's tax records are a permissible area of

25  inquiry for cross examination because such documents "reflect additional income" that is relevant

26  to Plaintiff's alleged economic hardship claim. Dkt. No. 88 at 6. Plaintiff counters that his lost

27

wages can be establish through his payroll records and W-2 forms, which he has provided, but his

remaining tax return schedules have no relevance and Defendant should not be allowed to

"scrutinize and judge [Plaintiff's] every financial decision" before the jury. Dkt. No. 95 at 5.

Neither party cites to relevant case law on this issue.

The Court reserves ruling on this motion until it has heard arguments on the same at the

pretrial conference scheduled in this matter.

**L.      Plaintiff's motion regarding Defendant's alleged failure to produce documents within its control (Plaintiff's Motion in Limine 21)**

Plaintiff alleges that Defendant failed to produce documents in its possession that are

responsive to Plaintiff's discovery requests. Defendant disputes this claim. The record lacks

sufficient evidence for a ruling on this request; therefore, the Court reserves ruling on this motion

until it has heard arguments on the same at the pretrial conference.

**M.      Plaintiff's motion to exclude expert rebuttal opinion of Danette Leonhardi (Plaintiff's Motion in Limine 22)**

Plaintiff seeks to exclude the expert rebuttal opinion of Danette Leonhardi, which he

claims was not timely disclosed. Defendant opposes this motion. The record lacks sufficient

evidence for a ruling on this request; therefore, the Court reserves ruling on this motion until it

has heard arguments on the same at the pretrial conference.

**N.      Plaintiff's motion to exclude any evidence regarding Plaintiff's alleged brain injury that it obtained post-investigation (Plaintiff's Motion in Limine 23)**

Plaintiff moves to exclude from phase two of this trial evidence that Defendant acquired

as part of the discovery during this litigation to justify its evaluation of Plaintiff's alleged

traumatic brain injury and depression. Defendant opposes this motion. The record lacks sufficient

evidence for a ruling on this request; therefore, the Court reserves ruling on this motion until it

has heard arguments on the same at the pretrial conference.

1

## V.   CONCLUSION

For the foregoing reasons, the Court HEREY RULES as follows:

(1)    Defendant's Motions in Limine H, K, I, M and N are GRANTED;

(2)    Defendant's Motion in Limine J is GRANTED in part and DENIED in part;

(3)    Plaintiff's Motions in Limine 1 and 2 are DENIED;

(4)    Plaintiff's Motion in Limine 11 is GRANTED; and

(5)    The Court reserves ruling on Plaintiff's Motions in Limine 21-23.

Dated this 24th day of February 2021.

Barbara      Jacobs      Rothstein
U.S. District Court Judge

12