IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIAN LIU,

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al*.,

        Defendants.

Civil Action No. 2:18-1862-BJR

**ORDER GRANTING MOTION TO AMEND JUDGMENT PURSUANT TO RULE 59(e)**

## I.    INTRODUCTION

This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Amend Judgment pursuant to Rule 59(e). Dkt. No. 126. Plaintiff Julian Liu opposes the motion. Dkt. No. 129. Having reviewed the motion, opposition thereto, the record of this case, and the relevant legal authorities, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

In late 2015, Plaintiff was hit by a vehicle as he was putting garbage containers along the curb in front of his house. Dkt. No. 1, Ex. 2 at ¶ 4.2. The driver of the vehicle was uninsured. *Id*. At the time of the accident, Plaintiff was insured by State Farm and his policy contained coverage for underinsured motorists ("UIM"). *Id*. at ¶ 4.4. The policy limit for UIM coverage is $250,000.

Dkt. No. 127, Ex. A at 20-22. State Farm conceded liability under the UIM policy but disputed the extent and value of the injuries and damages Plaintiff allegedly suffered as a result of the accident. *See* Dkt. No. 63. The parties were unable to resolve their differences so, in November 2018, Plaintiff filed suit against State Farm, asserting a breach of contract claim as well as claims for negligence, bad faith, and violation of the Washington Consumer Protection Act ("WCPA") and the Insurance Fair Conduct Act ("IFCA") with respect to State Farm's investigation, handling, and evaluation of Plaintiff's claim for UIM benefits. *See generally* Dkt. No. 1, Ex. 2.

Per State Farm's request, this Court ordered that the trial would proceed in two phases; the first phase would address the contractual claim for UIM benefits and the second phase would address the extra-contractual claims that relate to State Farm's handing and evaluation of Plaintiff's claim for UIM benefits. Following a six-day jury trial on the contractual claim (*i.e.*, phase one of the trial), the jury found Plaintiff's total damages to be $1,500,000 and judgment was entered against State Farm in that amount.

State Farm now moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to reduce the judgment to $237,100, which reflects the UIM policy limit of $250,000 minus $12,900 State Farm previously paid in UIM benefits to Plaintiff.[1]

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)). However,

---

[1] Plaintiff does not dispute that State Farm previously paid him $12,900 in UIM benefits.

2

amending a judgment after its entry is "an extraordinary remedy" that should "be used sparingly." *Id*. There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if it is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if it is necessary to present newly discovered or previously unavailable evidence; (3) if it is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id*.

## IV.     DISCUSSION

As stated above, the first phase of the trial was limited to the breach of contract claim Plaintiff brought against State Farm. Such claim, of course, is governed by the terms of the insurance policy, which unambiguously provides that the policy limit for UIM benefits is $250,000 per person. Dkt. No. 127, Ex. A at 21-22. Indeed, Plaintiff concedes that the policy limit for his UIM claim is $250,000. Dkt. No. 98 at 3 (Stipulated facts for Phase II). Nevertheless, following the jury's verdict on phase one of the trial, judgment was entered against State Farm in the amount of $1,500,000 without consideration of the agreed-upon policy limit. State Farm alleges that this constitutes clear error and requests that the Court reduce the judgment to reflect the agreed-upon policy limit.

Plaintiff counters that State Farm made a calculated decision to not introduce at trial evidence of the UIM policy limit "believing [State Farm] would be better served by withholding that evidence from the jury." Dkt. No. 129 at 4. However, Plaintiff argues, now that the jury has rendered a verdict far in excess of that policy limit, State Farm seeks to amend the judgment in light of "evidence that was never introduced at trial". *Id*. at 2. Plaintiff argues that because State Farm failed to "sustain its burden of proving policy limits in order to limit the judgment", the Court should deny State Farm's motion and let the judgment stand as is. *Id*. at 5.

This Court disagrees with Plaintiff. The only legal basis for Plaintiff to recover on his breach of contract claim is the contract itself and that contract unambiguously states that UIM coverage is limited to $250,000 per person, a fact Plaintiff concedes. The contract also clearly states that "[r]egardless of the amount of any award, including any judgment or default judgment, [State Farm is] not obligated to pay any amount in excess of the available limits under this coverage of this policy." Dkt. No. 127, Ex. A at 21-23. These are the clear and unambiguous terms of the contract to which the parties agreed; therefore, the parties are bound by those terms. *See Aetna Cas. And Sur. Co., Inc. v. Pintlar Corp.*, 948 F.2d 1507, 1512 (9th Cir. 1991) ("The terms of an insurance contract dictate the obligations of the parties. Clear and unambiguous terms in insurance policies are construed according to their plain meaning, that is, what an ordinary reasonable lay person would interpret the meaning to be."); *Bryant v. Country Life Ins. Co.*, 414 F. Supp. 2d 981, 990 (W.D. Wash. 2006) ("If the language of an insurance contract is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists.").

Plaintiff argues that by excluding evidence of the UIM policy limit from the jury, State Farm somehow modified or waived the agreed-upon policy limit. Plaintiff is mistaken. First, waiver of a contractual right "must be unequivocal in character." *Landover Corp. v. Bellevue Master LLC*, 252 Fed. Appx. 800, 803 (9th Cir. 2007) (quoting *Voelker v. Joseph*, 383 P.2d 301, 306 (1963)). Here, rather than unequivocally waiving its right to enforce the agreed-upon policy limit, State Farm included in its Answer to the Complaint that Plaintiff's contractual recovery would be limited to the terms of the insurance policy. Dkt. No. 10 at ¶¶ 5.2-5.3. State Farm also asserted an affirmative defense that Plaintiff's recovery, if any, would be limited to the policy limits. *Id.* at ¶ 13.2. And, as stated above, the parties stipulated to the fact that the UIM benefit is

limited to $250,000. Thus, rather than waiving its right to enforce the UIM policy limit, the Court concludes that State Farm has unequivocally asserted that right throughout this litigation.[2]

Nor is this Court persuaded by Plaintiff's reliance on *Williams v. Bernard*, a 1982 court of appeals case from Louisiana that refused to limit a jury's verdict to the policy limit after the insurer strategically decided not to introduce evidence of the limit at trial. Plaintiff does not cite to, and this Court cannot find, any cases in this Circuit (for any other Circuit for that matter) that reached a similar decision. On the other hand, several courts have reduced a judgment to the policy limits on a contract-only claim. *See*, *e.g.*, *Hopkins v. Integon Gen. Ins. Corp.*, 2021 WL 568243, *3 (W.D. Wash. Feb. 16, 2021) (reducing jury verdict to policy limit because plaintiff conceded that "in the first party UIM context, an award for benefits cannot exceed the UIM policy limits"); *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 634-35 (5th Cir. 2015) (affirming district court's grant of a Rule 59(e) motion to amend judgment after jury verdict to policy limit); *State Farm Mut. Auto. Ins. Co. v. St. Godard*, 936 So. 2d 5, 9 (Fla. Dist. Ct. App. 2006) ("…in the absence of a judicial finding of bad faith, in an action against an insurer for damages under a policy of insurance, a final judgment against the insurer cannot exceed the stated policy limits."); *Allstate Ins. Co. v. Hammond*, 759 N.E.2d 1162, 1169-70 (Ind. Ct. App. 2001) (holding that "in a first-party action by an insured to collect uninsured motorist benefits from his or her insurer, the

---

[2] Moreover, State Farm argued that the policy limit should be excluded because its introduction might "create undue prejudice to State Farm". Dkt. No. 65 at 8. This argument in no way suggests that State Farm intended to waive its right to enforce the policy limit at a later date. *See Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 635 (5th Cir. 2015) (finding that insurer's motion in limine to exclude evidence of policy limit did not constitute waiver of the right to enforce that limit because "[p]reventing juror's [sic] knowing the amount of available insurance, a silence that might increase the possibility jurors will award less than the limit, is a completely distinguishable position from arguing post-verdict that the judgment cannot be for more than such limit").

amount of recoverable damages cannot exceed the limits provided for in the insurance policy in effect at the time of the accident…").

Plaintiff may be entitled to recover in excess of the UIM benefit policy limit for damages on his extra-contractual claims if the jury finds in his favor during phase two of the trial, but in phase one, where his claim was limited to breach of the insurance policy, his damages are limited to the contractually agreed-upon UIM benefit policy limit.

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS State Farm's motion to amend the judgment in this case pursuant to Rule 59(e). The judgment is HEREBY reduced to $237,100, which reflects the UIM benefit policy limit of $250,000 minus $12,900 State Farm previously paid in UIM benefits to Plaintiff.

Dated this 21st day of June 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge